IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br>    TRADES INDUSTRY PENSION FUND <br> CORINNE M. KOCH, in her official capacity as a fiduciary, <br> FINISHING TRADES INSTITUTE <br>    F/K/A INTERNATIONAL UNION OF PAINTERS <br>    AND ALLIED TRADES JOINT APPRENTICESHIP <br>    AND TRAINING FUND, <br> POLITICAL ACTION TOGETHER FUND, and <br> PAINTERS AND ALLIED TRADES LABOR <br>    MANAGEMENT COOPERATION INITIATIVE <br> 7234 Parkway Drive <br> Hanover, MD 21076 <br><br>          Plaintiffs, <br>   v. <br><br> T3 ENTERPRISES, INC. <br>    d/b/a T III ENTERPRISES <br>    d/b/a T- III ENTERPRISES INC. <br>    d/b/a T-III <br> 303 West Lancaster Ave. <br> Wayne, PA 19087 <br><br>          Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C.

§1132(h).

## VENUE

3.  Venue lies in the District of Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.  Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.  The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as "I.U.P.A.T. Union and Industry National Pension Fund," "Pension" and "Pension Fund" in the Labor Agreements relating to this complaint.

6.  The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as "Annuity Fund" in the Labor Agreements relating to this complaint.

7. Plaintiff, Corinne M. Koch ("Koch" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Funds and related matters. She has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Koch are authorized collection fiduciary(ies) and agent(s) for:

(a) the Pension Plan,

(b) the Annuity Plan,

(c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d) the Ancillary Funds identified below.

9. FTI is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as "National Apprentice" and "National Apprenticeship Fund" in the Labor Agreements relating to this complaint.

10. The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund"), which is an unincorporated association or fund established pursuant to 2 U.S.C. §431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also

known as and referenced as "Political Action" in the Labor Agreements relating to this complaint.

11. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). The LMCI is also known as and referenced as "Labor Management Cooperation Fund," "The International Union of Painters and Allied Trades Labor-Management Cooperation Initiative" and "L.M.C.F." in the Labor Agreements relating to this complaint.

12. The PAT Fund and LMCI are jointly or severally referenced as "Ancillary Funds" and maintain their principal place of business and are administered from an office in this district.

13. The Fund and Koch, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, the PAT Fund, FTI and LMCI.

14. The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15. Defendant, T3 Enterprises, Inc. ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

16. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page, table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

17. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

18. Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

    (a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

    (b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).

608879_1.doc
PTINTF-34750

5

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.11.

19. Novak Francella, LLC performed a payroll compliance audit on the Funds' behalf for the period September 2012 through July 2014 which revealed a substantial delinquency.

20. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS

### v.

### COMPANY

21. The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22. Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 2012 through February 2016 in at least the sum of $366,962.14 in violation of 29 U.S.C. §1145, as detailed on the attached Exhibit 4.

23. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## **COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN**

### **PLAINTIFFS**

### **v.**

### **COMPANY**

24.     The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

26.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 2012

through February 2016 in at least the sum of $371,388.25, as detailed on the attached Exhibit 4.

27. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PLAINTIFFS

v.

### COMPANY

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

30. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and

control or knowledge of the Company.

31.　An audit for the period September 2012 through July 2014 revealed a substantial delinquency based on the Company's failure and/or refusal to report and remit contributions on hours worked. The Funds believe and therefore aver that such conduct is likely continuing for periods on and after August 2014 and that an audit of Defendants' payroll books and related records for such period will be the only means to determine precisely the amounts of any additional delinquency.

32.　The Company is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

33.　The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

34.　The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)　Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Company to pay for an audit by a Certified Public Accountant chosen by the Funds, and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT IV - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS

### v.

### COMPANY

35. The allegations of Paragraphs 1 through 34 are incorporated by reference as if fully restated.

36. On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

37. The ERISA Funds are adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Funds, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements,

Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

38. The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully restated.

39. Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

    (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

May 27, 2016
Date

/s/ Judith Sznyter
JUDITH SZNYTER
Bar No. 29743
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524

Matthew T. Tokarsky*
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, Pennsylvania 19106

Attorneys for Plaintiffs

*Application for Pro Hac Admission of Matthew T. Tokarsky shall be made at the appropriate time.